UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Mohammed Eisa,                                                                       Civil No. 05-773 RHK/AJB

              Petitioner,

v.                                                                       **REPORT AND RECOMMENDATION**
                                                           **ON PETITION FOR ATTORNEY'S FEES**

United States Citizenship
and Immigration Services, et al.,

              Respondents.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Attorney's Fees under the Equal Access to Justice Act [Docket No. 38] by petitioner Mohammed Eisa. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner is represented by Kimberly K. Hunter, Esq. Respondents are represented by Joan D. Humes, Esq., Assistant United States Attorney. It is the recommendation of the magistrate judge that the petitioner's application for attorney's fees be denied without prejudice. The recommendation is based upon a determination that the petitioner is not presently a prevailing party in this action for purposes of obtaining an award of attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412(d).

**Discussion**

Petitioner Mohammed Eisa commenced this action by petition seeking relief with respect to his pending naturalization application. The petition specifically requested that the district court assume jurisdiction over the naturalization process and that the court grant the application and administer the naturalization oath. While the initial petition was pending respondent United States

Citizenship and Immigration Services commenced removal proceedings and the court permitted the parties to submit supplemental memorandums on jurisdiction in light of the removal action.  The undersigned magistrate judge thereafter issued a report and recommendation to the district court, therein determining that the district court has exclusive jurisdiction to consider the initial petition even though a required check on the citizenship applicant's background had not been completed, but that remanding the matter to the agency to complete a criminal background check was appropriate.  The report and recommendation was adopted by Order of the district court dated January 31, 2006.  The Order expressly remanded the case to the United States Citizenship and Immigration Services and stayed the agency proceedings during the pendency of removal proceedings.  The agency was further instructed that in the event removal proceedings were resolved in petitioner's favor that the naturalization process should be resumed and completed within 60 days.  Finally, the Order provided that the naturalization, and the court's instructions, would be moot in the event that respondents prevailed in removal proceedings.  The practical consequence of such remand was to return jurisdiction of the naturalization process back to the agency, though pursuant to 8 U.S.C. § 1429 the naturalization application could not considered by the agency while removal proceedings were pending.

> The Equal Access to Justice Act provides that:
>
> . . . . a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Petitioner now asserts that he prevailed in this matter, and is entitled to

attorney's fees under the EAJA, as a result of the determinations that the district court had jurisdiction in the naturalization matter and that the agency must complete the naturalization process within 60 days of a decision favorable to Mr. Eisa in the removal action.  Petitioner also contends that the government's position with respect to its defense of the agency failure to conduct a timely background check was not substantially justified and that the government was not substantially justified in taking the position that the court lacked jurisdiction in this matter because the agency had not completed a naturalization examination (which arguably encompassed a yet uncompleted criminal background check).  Petitioner is seeking an award of fees for 72.75 hours of attorney time at an inflation adjusted rate of $158.75 per hour, along with fees for 55 hours of law clerk time at $50.00 per hour and expenses in the amount of $268.60.  The total amount of requested fees and costs is $14,567.66.

The United States argues that the application for EAJA fees and expenses is premature because the matter is stayed pending the conclusion of removal proceeding and there has been no final judgment entered as required under 28 U.S.C. § 2412(d)(1)(B).[1]  At present the district court's decision in not subject to appeal, and in any event, the matter will be moot if the government prevails in removal proceedings.

In determining whether the petitioner is a prevailing party the court must examine whether he obtained "actual relief on the merits of [the] claim [that] materially alter[ed] the legal

---

[1] 28 U.S.C. § 2412(d)(1)(B) states in pertinent part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . .

relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Drennan v. Pulaski County Special School District, 458 F.3d 755, 757 (8th Cir. 2006)(quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).  The relief obtained "must directly benefit [the plaintiff] at the time of the judgment or settlement." Id. (quoting Warner v. Indep. Sch. Dist. No. 625, 134 F.3d 1333, 1338 (8th Cir. 1998) and Farrar, 506 U.S. at 111).  An award of attorney's fees is properly denied under circumstances in which a plaintiff prevailed on only a small and technical part of the claim.  Id. (citing Hale v. Poplar Bluff R-I Sch. Dist., 280 F.3d 831, 833 (8th Cir. 2002)).  A conditional, unrealized grant of relief that does not provide direct, immediate benefit to the plaintiff is not sufficient to make the plaintiff a prevailing party.  Id.

    In this case petitioner Mohammed Eisa has not yet obtained the primary and direct relief requested in the petition, *i.e.* an order granting his naturalization petition.  Although the court assumed jurisdiction over the matter, as requested in the petition, such exercise of jurisdiction was merely a preliminary prerequisite to obtaining the desired relief.  Petitioner may have emerged victorious on a contested issue, but has certainly not yet prevailed on the ultimate claim that he is entitled to take the naturalization oath.  To the extent that petitioner claims victory by virtue of a remand to the agency with instructions to complete the naturalization process within 60 days of a determination on removal favorable to the petitioner, the relief is unrealized and speculative in nature, and the claim of victory is highly premature.  Petitioner simply has not yet obtained relief which directly benefits him in his quest for naturalization.  Furthermore, final judgment has not been rendered in this action and the petition is premature on that account as well.

    Based upon the foregoing discussion, along with the file and documents contained

4

therein, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that petitioner Mohammed Eisa's Petition for Attorney's Fees under the Equal Access to Justice Act be **denied** without prejudice [Docket No. 38].

Dated:     September 21, 2006

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before October 6, 2006. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.